### No. 685

CLEVE., A. & C. BUS CO. v. PUB. U. COMM.

#### No. 19242. Supreme Court

Error to Commission. Dock. July 6, 1925; 3 Abs. 435.

793. MOTOR VEHICLES—Certificate of public convenience and necessity.—Revival of under 614-93 GC.—Notice of under 614-91 GC.

The Public Utilities Commission of Ohio granted to the Cadillac Bus Company the right to operate a bus line from Cleveland to Chardon. The Cleveland, Ashtabula & Conneaut Bus Co. set forth in a hearing before the Commission that the route described in the certificate of public convenience and necessity issued to the Cadillac Bus Co., parallels the route described in its certificate of public convenience and necessity for a distance of some ten miles east from the Public Square in Cleveland to Euclid Village.

The record shows that the Cadillac Bus Co. made application for its certificate, and in its application made no mention of the fact that the plaintiff-in-error was operating over the route although the Cadillac Bus Co. knew said plaintiff-in-error was operating between Cleveland and Euclid Village. It seems that there was no proof of publication filed and that the plaintiff had no actual knowledge of the pending application of the Cadillac Bus Co. On hearing and rehearing before the Commission, it affirmed the right of the Cadillac Bus Co. to operate over its specified route. The records did not clearly show whether the application of the Cadillac Bus Co. was for an original certificate or for the purpose of reviving an old certificate formerly granted to it.

The case was filed in the Supreme Court on a petition in error and it is contended that:— Under 614-93 GC. it is mandatory that the Cadillac Bus Co. file a new application or a supplemental application, and 614-91 GC. provides that published notice must be given of an application before hearing on said application may be had.

It is contended that "an application before the Public Utilities Commission to change, extend or shorten a route, or to increase or decrease the number of vehicles employed in motor transportation service under a certificate theretofore issued, can only be heard by the Commission in accordance with the notice required by 614-91 GC.

Attorneys—Clark Tod. McConnell and Wm. C. Blackmore, Cleveland, for Bus Co.; C. C. Crabbe and J. W. Bricker, Columbus, for Commission.